IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAVON MALDEN, )
)
    Plaintiff, )
)
vs. ) CASE NO.:
)
WINGS OVER EMERALD COAST, )
INCORPORATED d/b/a )
WINGSTOP and ANNE R. )
TAYLOR, )
)
    Defendants. )
                                /

## C O M P L A I N T

COMES NOW, the Plaintiff, SAVON MALDEN (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, and sues WINGS OVER EMERALD COAST, INCORPORATED d/b/a WINGSTOP and ANNE R. TAYLOR, (hereinafter collectively referred to as "Defendants'") and alleges:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of fees and costs, brought to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 201 et. seq. (hereinafter referred to as the "FLSA"). Jurisdiction is conferred upon this Court pursuant to Section 16(b)

of the FLSA, 29 U.S.C. § 216(b).

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) as the Defendants reside in and do business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

4. Plaintiff, SAVON MALDEN, is a resident of the State of Florida, and worked for the Defendants in Pensacola, Florida, and in the surrounding areas of the District for the relevant time periods during the three (3) years before the date on which this Complaint was filed.

5. Plaintiff, SAVON MALDEN, worked for the Defendants, performing duties, such as cooking and cleaning.

6. Defendant, WINGS OVER EMERALD COAST, INCORPORATED d/b/a WINGSTOP, is a Florida Profit Corporation duly licensed and organized under the laws of the State of Florida and is engaged in the business of, but not limited to, operating a food establishment.

7. Defendant, ANNE R. TAYLOR, is a resident of Escambia County, Florida and is the owner, operator, and/or manager of WINGS OVER EMERALD COAST, INCORPORATED d/b/a WINGSTOP.

## FACTUAL ALLEGATIONS

8. The Defendant, WINGS OVER EMERALD COAST, INCORPORATED d/b/a WINGSTOP, is an employer and enterprise engaged in interstate commerce.

9. The Defendant, ANNE R. TAYLOR, is an employer and enterprise engaged in interstate commerce.

10. The Defendants, as part of their business, engage in interstate commerce by processing credit cards which are instruments of interstate commerce, by transacting business with foreign corporations which are part of interstate commerce, by purchasing equipment, tools, materials, and supplies from suppliers and vendors out of state which are part of interstate commerce, by advertising on the World Wide Web to potential clients and customers outside of Florida, and by transacting business across state lines, all of which are part of interstate commerce.

11. The Defendant, WINGS OVER EMERALD COAST, INCORPORATED d/b/a WINGSTOP (hereinafter "WINGSTOP"), is an employer and

enterprise engaged in interstate commerce and is subject to the FLSA and has annual revenue of at least five hundred thousand dollars ($500,000.00).

12. The Defendant, ANNE R. TAYLOR, is an employer and enterprise engaged in interstate commerce and is subject to the FLSA and has annual revenue of at least five hundred thousand dollars ($500,000.00).

13. Alternatively, if any defendant does not have annual sales of five hundred thousand dollars ($500,000.00), then the total annual revenue of all the Defendants combined is at least five hundred thousand dollars ($500,000.00).

14. The Defendants control the day to day operations of WINGSTOP and are actively involved in the day to day operations of WINGSTOP including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals, marketing, estimating/bidding jobs, and other business operations.

15. Defendants supervise the operations of WINGSTOP including hiring and firing employees, setting work schedules for the employees, and providing work assignments for employees.

16. Defendants, at all times material, are the "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

17. The Plaintiff is, at all times material, an "employee" of the Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e).

18. The Defendants are the Plaintiff's employers.

19. The Defendants hired the Plaintiff, SAVON MALDEN, in or about November 13, 2017 to work for the Defendants.

20. At all times material herein, the Defendants controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff. The Defendants were responsible for hiring the Plaintiff, terminating the Plaintiff, setting the Plaintiff' rate of pay, determining if overtime was to be paid, setting the Plaintiff' work schedule including the number of days and hours worked, assigning the Plaintiff's work duties, and supervising the Plaintiff.

21. The Defendants, each and jointly, had operational control over the Plaintiff.

22. The FLSA mandates an employer pay its employees time and a half for each and every hour worked in excess of forty (40) hours in a work week.

23. During Plaintiff's employment with Defendants, he would regularly work in excess of forty (40) hours per week.

24. However, the Plaintiff was not paid one and one-half (1 ½) times his regular rate of pay for all hours that he worked over forty (40) hours in a work week.

25. The Plaintiff was a "non-exempt" employee of the Defendants.

26. Plaintiff was entitled to be paid at a rate one and one-half (1 ½) times his regular hourly rate for each hour worked in excess of forty in a work week.

27. The Defendants were aware that the Plaintiff worked in excess of forty (40) hours in a work week without receiving overtime compensation for each and every hour that he worked over forty (40) hours in a work week.

28. The Defendants' actions in failing and/or refusing to pay the Plaintiff the applicable overtime compensation, as required by the FLSA, were willful and not in good faith.

29. The Defendants are each and jointly involved with paying the Plaintiff.

30. The records concerning the hours worked by the Plaintiff are in the exclusive possession and sole custody and control of the Defendants. Therefore, the Plaintiff is unable to determine and state the exact amount of damages due.

31. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services.

## **COUNT I - FAILURE TO PAY MINIMUM WAGE UNDER THE FLSA**

32. Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-one (31) as if fully set forth and referenced herein.

33. The Plaintiff, at all times material hereto, was an employee within the meaning of the FLSA.

34. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

35. The FLSA mandates an employer pay its employees at least the federal minimum wage for each hour worked. 29 U.S.C. § 206(a).

36. The Plaintiff worked for the Defendants from approximately November 13, 2017 through January 6, 2018.

37. Defendants failed and refused to compensate Plaintiff at the minimum hourly wage for each and every hour worked as required under the FLSA.

38. The Defendants were aware they had suffered and permitted the Plaintiff to work without proper compensation for minimum wages under the FLSA.

39. The Defendants knew, or showed reckless disregard for the fact, that their failure to pay the Plaintiff as alleged herein was in violation of the FLSA.

40. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

41. Because of the Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

42. As a result of the unlawful acts of the Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

Malden v. Wings Over Emerald Coast Incorporated d/b/a Wingstop
*Complaint*
Page 7 of 12

**WHEREFORE**, Plaintiff prays that this Honorable Court:

   A.   Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206, as to the Plaintiff;

   B.   Enter judgment for the Plaintiff declaring that the Defendants violated the minimum wage provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay minimum wages, as required by the FLSA, to Plaintiff or other employees in the future;

   C.   Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

   D.   Award Plaintiff an equal amount in liquidated damages;

   E.   Award Plaintiff reasonable attorney's fees and costs of suit; and

   F.   Grant such other and further relief as this Court deems equitable and just.

## COUNT II - FAILURE TO PAY OVERTIME WAGES UNDER FLSA

43.   Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) as if fully set forth and referenced herein.

44.   The Defendants hired the Plaintiff on or about October 14, 2017 to work for the Defendants.

45. On average, the Plaintiff worked approximately forty-eight (48) hours per week for Defendants.

46. The Plaintiff was, at all times material hereto, an employee within the meaning of the FLSA.

47. The Defendants are employers and enterprises engaged in interstate commerce and are subject to the FLSA.

48. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty (40) hours at a rate not less than one and one-half times the regular rate of pay.

49. The Defendants employed the Plaintiff in excess of forty (40) hours a week and did not pay him at a rate of one and one half (1 ½) times his regular rate of pay for all hours worked in excess of forty (40) in a workweek as required by the FLSA.

50. The Plaintiff was not exempt from receiving overtime compensation under the FLSA.

51. The FLSA mandates an employer pay its employees time and a half (1 ½) for each and every hour worked in excess of forty (40) hours in a work week.

52. The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b).

53. All records of the weekly hours the Plaintiff worked are in the possession of the Defendants.

54. The Defendants knew and were aware at all times that Plaintiff worked more than forty (40) hours per week without receiving the proper overtime compensation.

55. Defendants failed and refused to properly compensate the Plaintiff at the proper overtime rate for each hour worked in excess of forty in a work-week.

56. The actions of the Defendants alleged herein were willful within the meaning of 29 U.S.C. § 216(b).

57. Because of Defendants' actions, the Plaintiff had to retain counsel and is entitled to recover his attorneys' fees and costs connected with this suit.

58. As a result of the unlawful acts of Defendants, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

**WHEREFORE**, Plaintiff prays that this Honorable Court:

A. Enter judgment for the Plaintiff and against the Defendants on the basis of Defendants' willful violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §207, as to the Plaintiff;

B. Enter judgment for the Plaintiff declaring that the Defendants violated the overtime provisions of the Fair Labor Standards Act and enjoining the Defendants from refusing to pay overtime compensation, as required by the FLSA, to Plaintiff or other employees in the future;

C. Award Plaintiff actual and compensatory damages in the amount shown to be due for unpaid overtime compensation;

D. Award Plaintiff an equal amount in liquidated damages;

E. Award Plaintiff reasonable attorney's fees and costs of suit; and

F. Grant such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS**

DATED this 13th of February, 2018.

Respectfully submitted,

*/s/ Jeremiah J. Talbott*
JEREMIAH J. TALBOTT, ESQ.
Fla. Bar No. 0154784

                                        Law Office of Jeremiah J. Talbott, P.A.
                                        900 East Moreno Street
                                        Pensacola, FL  32503
                                        (850) 437-9600 / (850) 437-0906 (facsimile)
                                        jjtalbott@talbottlawfirm.com
                                        civilfilings@talbottlawfirm.com
                                        *Attorney for Plaintiff*